HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JERMAINE LARON GORE<br><br>Defendant. | Case No. CR 06-5722 RBL<br><br><br>ORDER DENYING DEFENDANT<br>GORE'S MOTIONS IN LIMINE |

The matter is before the Court on Defendant's Motion to Dismiss Count I (ACCA)/Motions in Limine. [Dkt. #43]. The Court previously denied the Defendant's Motion to Suppress Evidence Due to Unconstitutional Stop and Search at an evidentiary hearing held on April 18, 2007. [Dkt. # 19 and Dkt. # 34]. The Court has reviewed the pleadings filed in support of the Defendant's motions in limine, as well as the government's pleadings filed in opposition to the defendant's motions [Dkt. # 46], and the remainder of the record and files herein. For the reasons set forth below, the Court finds and rules as follows:

Defendant is charged in a one count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government also alleges that Defendant qualifies for a sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C.§ 924(e)(1). Defendant seeks to dismiss the ACCA component of Count I. The determination of whether the Defendant qualifies for a sentence enhancement under the ACCA is a sentencing issue . If Defendant is convicted, this issue will be addressed

at the sentencing hearing. Thus, Defendant's motion to dismiss the ACCA component of Count I is DENIED without prejudice.

The charge of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), contains three elements: prior felony conviction, knowing possession of a firearm, and the firearm has been shipped or transported in interstate or foreign commerce. Defendant seeks to bifurcate the prior conviction element from the possession element of the felon in possession of a firearm charge in Count I. Defendant's motion to bifurcate is DENIED.

The Ninth Circuit held in United States v. Barker, 1 F.3d 957, 959 (9th Cir. 1993), that bifurcation of a felon in possession of a firearm trial is never permissible. Bifurcation is not permissible because felon in possession is a single offense, and bifurcation would preclude the government from proving every essential element of the offense. Id. Furthermore, if the trial was bifurcated, the Court would breach its duty to instruct the jury on all elements of the offense charged. Id.

United States v. Blanton, 476 F.3d 767 (9th Cir. 2007), does not apply to the Defendant's request to bifurcate the felon in possession trial. In Blanton, the district court bifurcated the ACCA sentencing enhancement determination from the guilt phase of the trial. This is different than the Defendant's request to bifurcate the convicted felon element from the possession element of the felon in possession charge.

Defendant's motion to reconsider the Court's previous ruling on Defendant's motion to suppress is DENIED. The Court has heard evidence and arguments on the Defendant's motion to suppress at the evidentiary hearing on April 18, 2007. The Defendant has had an opportunity to be heard on this motion, and he does not offer any new evidence or present any legal basis for why this Court should rehear his motion.

IT IS SO ORDERED.

Dated this 1ST day of February, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE